IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANGELA D. YOUNG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:15-CV-00045 (LJA) |
| | : | |
| BIG LOTS STORES, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

    Before the Court is Plaintiff Angela D. Young's Motion to Appoint Counsel (Doc. 2). In General, a civil plaintiff has no constitutional right to counsel. *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Appointment of counsel is a privilege that is justified only by "exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Branham v. Astrue,* No. 7:08-CV-123-HL, 2009 WL 1025393, at *2 (M.D. Ga 2009) (internal citations omitted). Further, "[a] district court has broad discretion in determining whether such circumstances exist." *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013).

    Plaintiff has failed to establish the existence of exceptional circumstances justifying the appointment of legal counsel. At the present time, it appears that the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of court-appointed legal counsel. The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required. Accordingly, Plaintiff's Motion to Appoint Counsel (Doc. 18) is **DENIED** at this time.

**SO ORDERED**, this   10th   day of June, 2015.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**
